NO. 7852

COURT OF APPEAL

PARISH OF ORLEANS

*******

A U G U S T. F R A N K

versus.

WIDOW LEON SPARICIO.

****

***

By Dinkelspiel; J/

***

By Dinkelspiel; J.

Plaintiff, a building contractor brings this suit against defendant on a building contract which building contract called for the reconstruction and finishing of a building owned by the defendant, according to plans and specifications which are made part of said contract, the allegations of plaintiff's petition being to the effect that notwithstanding the work had been carried out in accordance with said contract that there remains a balance of Five Hundred ($500.00) Dollars, due him, which defendant refuses to pay.

Defendant, while admitting the contract sued on, denies liability for any unpaid balance, alleging that the work and material supplied by plaintiff had not been in accordance with the contract, plans and specifications, but on the contrary were manifestly inferior thereto as set out by experts employed by her and therefore plaintiff was not entitled to recover for the balance not paid by her.

Defendant, further answering, claims to be entitled to demurrage, expert and attorney's fees, under the terms of the contract, but has not offered any proof as to the amount of claim, nor does she pray for anything but the dismissal of plaintiff's

suit, and same was not taken into consideration by the Judge of the Lower Court, in rendering his judgment for plaintiff in the full amount claimed by him, and from which judgment an appeal has been taken by the defendant, to this Court.

A careful examination of the record in this case, and particularly the evidence of the experts appointed by the plaintiff and the defendant to examine and report upon the work and materials supplied by plaintiff on this job, shows same to be of a very conflicting nature for one on the one hand, Mr. Raymond, the architect appointed by the defendant, sets out in a written report furnished by him to his principal, a number of instances where in his opinion the work and material supplied had been very much inferior to that called for by the plans and specifications, while Mr. Hernandez, the expert appointed by the plaintiff also in a written report rendered by him, claims that in work and material the contract had not only been complied with, except in a few minor instances, but in more than one case better work and material had been supplied, for which no charge had been made.

The plaintiff testified that he had rectified a number of so called defects as set out in the report of the defendant's architect, notably amongst which being the rebuilding of the side piers, replacing of posts complained of, fixing of the front roof, capping the gas outlets, replacing of the electrical fixtures complained of, by fittings of a better quality.

He also testified that some of the work which Mr. Raymond's report sets out had not been done by him, was not done because defendant herself had authorized changes to be made, which necessitated that certain changes be made in the plans and specifications, such as the omission of a door between the first and second bed-rooms, which was done at the

express wish of the owner so that she might be able to place her furniture to better advantage, and this change was made after the doors and frames had been completed by the builder in strict accordance with the plans and specifications and necessitated the building up of the plaster and papering of same, all of which was done without extra charge to the defendant.

In so far as the plastering is concerned, the testimony of the builder and of Mr. Hernandez, the arts architect, are to the effect that the plastering work which was called fpr by the specifications was what was known as patch work and for that class of work it was done in a workmanship manner, but being patch work could not give the same satisfaction as the new work.

There is, it is true a serious complaint of the painting which was done by plaintiff, and the evidence undoubtedly shows that some of the paint had peeled off at the time this suit was tried in the Court aquo, but as the record shows this complaint was made for the first time about two years after the job was completed, while the uncontradicted testimony of the builder and painter is to the effect that not only the quality of paint suxx specified was used/and but same was applied in strict accordance with the contract, therefore we are of opinion that proof is lacking on the part of defendant to show that the peeling off of some of the paint was due to faulty material or workmanship of the plaintiff or of his painter.

We also hold that the evidence does not show that the leaks complained of were due to any fault in construction or workmanship of the building, nor are we of the opinion that they were really as bad in character as the defendant sets out.

In regard to chain wall, the evidence convinces us that the same was completed in accordance with the specifications and to have run same across the front as defendant contends should have been done, would have been in violation of the xxxxxx Rat-Proof Ordinance of the City Council.

As a matter of fact a very careful consideration of all the evidence in this case taken in connection with the contract, plans and specifications, and the nature of the building which was the subject of the contract for repairs does not convince us that the plaintiff failed in any material way either in workmanship or material, to carry out his contract to the best of his ability and that the opinion of the Judge of the District Court, who saw and heard the witnesses in this case and who was in a better position than we are to correctly judge of the creditability of the witnesses, and therefore we see no reason to disturb his judgment, which was in favor of plaintiff for the amount claimed.

For the reasons assigned it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, defendant and appellant to pay the costs of both Courts.

Judgment affirmed.